**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **1:25-cr-368** |
| | : | |
| **CHARLES PURCELL CASEY SR.** | : | **Judge Sullivan** |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing of defendant Charles Purcell Casey Sr. ("Casey" or "the defendant"). On February 11, 2026, the defendant appeared before this Court and entered a plea of guilty to a one-count Information charging him with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Sentencing is scheduled for July 15, 2026. For the reasons set forth herein, the government respectfully requests that this Court impose a sentence of 21 months' incarceration, as such a sentence is sufficient, but not greater than necessary, to serve the statutory purposes of sentencing under 18 U.S.C. § 3553(a).

## I. PROCEDURAL HISTORY

On November 21, 2025, the United States filed a one-count Information charging Charles Purcell Casey Sr. with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

On February 11, 2026, the defendant appeared before this Court and entered a plea of guilty to the Information pursuant to a written plea agreement. At the time of his plea, the defendant executed a written Statement of Facts acknowledging the factual basis for his offense. (Statement of Facts ("SOF") at 1.)

The United States Probation Office disclosed the Presentence Investigation Report ("PSR") on April 27, 2026. The government has reviewed the PSR and has no unresolved objections to the Guidelines calculations.

Sentencing is scheduled before this Court on July 15, 2026.

## II. FACTUAL BACKGROUND

### A. The Offense Conduct

In the early morning hours of October 11, 2025, at approximately 2:00 a.m., law enforcement officers responded to 606 19th Street NE, Washington, D.C., where they encountered defendant Charles Purcell Casey, Sr. seated in the driver's seat of a running black Dodge SUV bearing Virginia license plate TES4065. (PSR ¶ 12.) The defendant appeared unconscious behind the wheel. Officers approached the vehicle to conduct a welfare check, at which point they observed in plain view a bottle of beer in the center console and a small clear plastic bag in the defendant's hand. (PSR ¶ 13.)

After waking the defendant and directing him to exit the vehicle, officers recovered from his pockets a clear plastic bag containing a white rock-like substance, which was later confirmed to be heroin base weighing approximately 11.5 grams.   Officers additionally located a second bag containing multiple colored rock-like substances, later confirmed to be amphetamines weighing approximately 3.5 grams. (PSR ¶ 13.) During a subsequent pat-down, officers located a Taurus

Millennium G2 9mm semiautomatic handgun, bearing serial number TJM707675, in the defendant's waistband. (PSR ¶ 14.) The firearm was loaded with twelve rounds of ammunition in the magazine and was fully functional. (PSR ¶ 14.)

At the time of the offense, the defendant was prohibited from possessing firearms or ammunition under federal law. As reflected in the PSR, Casey had previously been convicted on April 14, 2021, in the Circuit Court for Prince George's County, Maryland, Case No. CT190828X, of: (1) Wearing, Carrying, or Transporting a Handgun, in violation of Md. Code, Crim. Law § 4-203(a)(1)(i); and (2) Assault in the Second Degree, in violation of Md. Code, Crim. Law § 3-203 — both offenses punishable by imprisonment for a term exceeding one year. (PSR ¶ 15.) Consequently, the defendant was prohibited from possessing a firearm on the date of the offense. (PSR ¶ 15.) Casey acknowledges that at the time he possessed the firearm and ammunition, he was aware of his prior felony convictions, knew the firearm had traveled in interstate or foreign commerce, and knew the firearm was capable of expelling a projectile by means of an explosive action. (PSR ¶ 16.)

In addition to the firearm and narcotics recovered from the defendant's person, officers also recovered from the defendant's vehicle smaller quantities of controlled substances, empty capsules, packaging materials, and a digital scale with residue. (PSR ¶ 14.) The firearm was not registered in the District of Columbia. (PSR ¶ 14.)

The handgun recovered from the defendant was manufactured outside the District of Columbia and, prior to Casey's possession of it, had traveled in and affected interstate and foreign commerce.

3

### III. THE SENTENCING GUIDELINES

The Court must begin the sentencing process by correctly calculating the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). The government relies on the Guidelines calculations set forth in the PSR at paragraphs 20 through 31.

**A. Base Offense Level**

The applicable guideline for the offense of conviction is United States Sentencing Guidelines ("USSG") § 2K2.1. (PSR ¶ 21.) The base offense level is 14 under USSG § 2K2.1(a)(6)(A), because the defendant was a prohibited person at the time of the instant offense. (PSR ¶ 21.) The government notes that the plea agreement estimated a higher base offense level of 20 under USSG § 2K2.1(a)(4)(A); however, per the plea agreement's own terms, the Court and the Probation Office are not bound by the parties' Guidelines estimates.

**B. Specific Offense Characteristics**

According to the PSR, a four-level enhancement applies pursuant to USSG § 2K2.1(b)(7)(B) because the defendant used or possessed the firearm in connection with another felony offense. (PSR ¶ 22.) Specifically, when officers encountered Casey on October 11, 2025, they recovered from his person and his vehicle: 11.5 grams of heroin base, 3.5 grams of amphetamines, additional quantities of other controlled substances, empty capsules, packaging materials, and a digital scale with residue. No other specific offense characteristic adjustments apply. (PSR ¶¶ 23–25.)

**C. Adjusted Offense Level**

After applying the four-level specific offense characteristic enhancement under USSG § 2K2.1(b)(7)(B), the adjusted offense level is 18. (PSR ¶ 26.)

**D. Acceptance of Responsibility**

The defendant has clearly accepted responsibility for his conduct. Accordingly, the government moves for a two-level reduction pursuant to USSG § 3E1.1(a). (PSR ¶ 28.) Because the adjusted offense level prior to the acceptance of responsibility reduction is 18, the government also moves for an additional one-level reduction pursuant to USSG § 3E1.1(b), reflecting that the defendant timely notified the government of his intention to plead guilty.  (PSR ¶ 29.) The defendant is not eligible for the zero-point offender adjustment under USSG § 4C1.1 because he has criminal history points. (PSR ¶ 30.)

**E. Total Offense Level**

After applying the three-level reduction for acceptance of responsibility, the total offense level is 15. (PSR ¶ 31.)

**F. Criminal History**

On April 14, 2021, Casey was convicted in the Circuit Court for Prince George's County, Maryland, Case No. CT190828X, of Wearing, Carrying, or Transporting a Handgun (Count 2) and Assault in the Second Degree (Count 5). He was sentenced to 18 months' imprisonment (all but 463 days suspended) on Count 2 and 5 years' imprisonment (all but 463 days suspended, concurrent) on Count 5, with 3 years of probation. That probation expired unsatisfactorily on April 22, 2024, due to an outstanding fee of $60. (PSR ¶ 33.) The underlying facts of that offense are important for the Court's consideration.   On May 24, 2019, Casey assaulted a convenience store employee by striking him on the forehead with a closed fist and then pointing a loaded handgun, which had an obliterated serial number, at the victim.  (PSR ¶ 33.) The PSR computes three criminal history points, resulting in a Criminal History Category of II. (PSR ¶ 34.)

**G. Guidelines Range**

Based on a total offense level of 15 and a Criminal History Category of II, the applicable Guidelines imprisonment range is 21 to 27 months and a fine range is $7,500 to $75,000. (PSR ¶¶ 75, 89, 91.) The defendant is ineligible for probation because the Guidelines range falls within Zone D of the Sentencing Table. (PSR ¶ 83.)

<div align="center">

**IV. ARGUMENT**

**A GUIDELINES SENTENCE IS APPROPRIATE UNDER 18 U.S.C. § 3553(A)**

</div>

Under 18 U.S.C. § 3553(a), the Court must impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing, which include the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. While the Guidelines are advisory, the Supreme Court has directed sentencing courts to treat the Guidelines as "the starting point and the initial benchmark" in fashioning a sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). For the reasons set forth below, the government submits that a sentence within the applicable Guidelines range fully serves each of the relevant § 3553(a) factors.

**A. The Nature and Circumstances of the Offense (§ 3553(a)(1))**

The offense of conviction is a serious felony. It arises from a set of facts that extend well beyond simple firearm possession. At approximately 2:00 a.m. on October 11, 2025, officers found the defendant unconscious behind the wheel of a running vehicle in Washington, D.C. (PSR ¶¶ 12–14.) When officers conducted a welfare check, they observed in plain view drug paraphernalia, and upon directing the defendant to exit the vehicle, they recovered from his person 11.5 grams of heroin base and 3.5 grams of amphetamines. (PSR ¶ 13.) A pat-down then revealed a loaded Taurus

Millennium G2 9mm semiautomatic handgun in the defendant's waistband, bearing serial number TJM707675 and containing twelve rounds of ammunition. (PSR ¶ 14.) Officers also recovered from the vehicle additional controlled substances, empty capsules, packaging materials, and a digital scale with residue. (PSR ¶ 14.) These facts reflect a concrete danger to the community, and the nature and circumstances of the offense weigh strongly in favor of a meaningful custodial sentence within the Guidelines range.

**B. History and Characteristics of the Defendant (§ 3553(a)(1))**

The government acknowledges, as the PSR documents, that Casey endured a difficult childhood. He was raised by his grandmother after his mother developed a severe crack cocaine addiction, and grew up without the benefit of consistent parental guidance. (PSR ¶¶ 42–73.) He is married and the father of three children. (Id.) He has maintained consistent employment and currently works as a Lead Warehouse Worker at Target, where he supervises up to fifty employees and earns $29.75 per hour. (Id.) He has remained in full compliance with pretrial supervision since his release on personal recognizance on October 15, 2025, and submitted a negative urinalysis on April 8, 2026. (PSR ¶¶ 8, 10.) The government does not minimize these factors. They are meaningful, and they are reflected in the government's decision to recommend a sentence at the bottom of the applicable Guidelines range.

At the same time, the defendant's criminal record is alarming. In 2019, Casey assaulted a convenience store employee and then pointed a loaded handgun at that victim; his Maryland conviction for that conduct resulted in a suspended sentence and probation that expired unsatisfactorily in April 2024, due to an unpaid fee of $60. (PSR ¶ 33.) Approximately eighteen months after the expiration of that probationary term, Casey was found unconscious in a running

vehicle, armed with a loaded semiautomatic handgun and in possession of large quantities of narcotics. Casey has demonstrated a history of problematic firearm possession, and prior leniency has not altered it.

**C. Seriousness of the Offense, Respect for the Law, and Just Punishment (§ 3553(a)(2)(A))**

Congress enacted 18 U.S.C. § 922(g)(1) with the specific purpose to ensure that individuals who have demonstrated, through prior felony convictions, a disregard for the law are prohibited from possessing firearms. The statute reflects a congressional determination that the combination of a prior felony record and firearm possession presents an unacceptable danger to the public. A sentence within the Guidelines range is commensurate with the gravity of that congressional judgment and with the facts of this case.

**D. Deterrence (§ 3553(a)(2)(B))**

A Guidelines sentence serves both general and specific deterrence. With respect to general deterrence, a meaningful custodial sentence signals to others in the community that illegal firearm possession carries serious and predictable consequences, regardless of whether the offense involves additional violence. The D.C. metropolitan area continues to experience the harms associated with the proliferation of illegal firearms, and consistent, proportionate sentencing in cases such as this one reinforces the credibility of the law's deterrent effect.

With respect to specific deterrence, the record here is particularly instructive. Casey's prior Maryland conviction arose from a 2019 incident in which he pointed a loaded handgun at a convenience store employee. Despite that conviction, a suspended sentence, and a term of probation, Casey was found in October 2025 in possession of a loaded semiautomatic handgun and drug distribution quantities of heroin and amphetamines. (PSR ¶ 33.)   A prior lenient sentence

clearly did not have a sufficient deterrent effect. A Guidelines sentence of 21 months is the minimum necessary to convey to Casey that further criminal conduct will carry serious and escalating consequences.

**E. Protection of the Public (§ 3553(a)(2)(C))**

By possessing a loaded firearm while prohibited from doing so by law, the defendant created a direct risk of harm to the community around him through the harm that can result whenever a loaded weapon is present in an environment lacking lawful oversight. A Guidelines sentence will prevent the defendant during the term of his imprisonment from posing a danger to the community and supervised release will provide ongoing monitoring and intervention for several more years. The custodial and supervisory components of a Guidelines sentence serve the important interest of protecting the public from further crimes by this defendant.

**F. Supervised Release Conditions**

The government defers to the Court and the United States Probation Office regarding the appropriate conditions of supervised release.

<div align="center">

**V. CONCLUSION**

</div>

For the foregoing reasons, the United States respectfully requests that this Court impose a sentence of 21 months' imprisonment to be followed by 3 years of supervised release, with conditions recommended by the Probation Office including substance abuse testing and treatment and a search condition, and the mandatory special assessment of $100. The government does not seek imposition of a fine in light of the PSR's conclusion that the defendant lacks the ability to pay. (PSR ¶ 73.) Such a sentence is sufficient, but not greater than necessary, to serve the purposes of sentencing set forth in 18 U.S.C. § 3553(a), and appropriately reflects the seriousness of the

offense, the history and characteristics of the defendant, and the need to protect the public and afford adequate deterrence.

<div style="margin-left:40%;">

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY


By:      /s/   Christopher Tortorice
         Christopher Tortorice
         Assistant United States Attorney
         Texas Bar No. 24048912
         National Security Section
         601 D Street, N.W.,
         Washington, D.C. 20530
         (202) 252-7155
         christopher.tortorice@usdoj.gov

</div>